Filed 1/15/14  In re Julian G. CA@/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re JULIAN G., a Person Coming Under the Juvenile Court Law. | B247457<br>(Los Angeles County<br>Super. Ct. No. NJ26783) |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JULIAN G.,<br><br>　　　　Defendant and Appellant. | |

THE COURT:*

　　　　Minor Julian G. appeals from the order declaring him a ward of the court pursuant to Welfare and Institutions Code section 602 by reason of his having committed the crime of battery on school property in violation of Penal Code section 243.2, subdivision (a), a

---

\*　　BOREN, P. J., CHAVEZ, J., FERNS, J.†

†　　Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

misdemeanor. The juvenile court ordered minor to be placed under terms and conditions of probation.

We appointed counsel to represent minor on appeal. After examining the record, counsel filed an "Opening Brief" containing an acknowledgment that she had been unable to find any arguable issues. On September 10, 2013, we advised minor that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

The record shows that on March 29, 2012, Dominick H. and minor attended high school together and were in the 10th grade. During their last class period, Dominick noticed minor staring at him. After class, Dominick entered a stairwell and saw that minor and minor's friend Jeffrey were behind him. On the landing, minor pulled Dominick's backpack, and Dominick was thrown to the ground. Minor began kicking and hitting Dominick in the head. Dominick did not fight back, but only put his hands in front of his face. When Dominick's friend, Saion F., came upon them, minor and his friend ran off. Dominick and Saion then proceeded down the stairs and left the school. Dominick reported the incident to a teacher, and when Dominick's mother saw a scratch on his face, she also reported the incident. Dominick did nothing to provoke minor to hit him.

Minor testified that Dominick punched him in the back of the head with a balled-up fist while minor was in the stairwell. Minor was with his friend Jeffrey, and they had both entered the stairwell on the third floor. Dominick was alone. Minor turned around and hit Dominick back, approximately five times. Prior to being hit, minor did not say or do anything to Dominick. Minor grabbed Dominick's backpack only when Dominick tried to run away.

After examining the entire record, we are satisfied that minor's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order under review is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.